IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 22-00071-ABJ-1 |
| SAMUEL LAZAR | : | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
TO
DEFENDANT'S MOTION FOR RECONSIDERATION
OF
<u>PRETRIAL DETENTION ORDER</u>**

    Defendant Samuel Lazar, by and through undersigned counsel, respectfully submits this Reply to the Government's Response to Defendant's Motion for Reconsideration of Pretrial Detention of October 18, 2021.

    The essence of the government's argument for the continued pretrial detention of the defendant is that: (1) the government believes that his sentence should be longer than the one year that he has already served; (2) he presents a danger to the community because: (i) in 2016 he stated that he had not previously been convicted of a felony on a firearms application (due to his belief that his 2004 conviction for criminal mischief was a misdemeanor); (ii) his display of firearms in 2020; and (iii) his actions on January 6th. The government does not address the issue of risk of flight, so we can assume that there is no argument on that issue. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1

The government ignores the fact that Mr. Lazar was gainfully employed and committed no crimes prior to his arrest on July 21, 2021, that he has now been in prison for over one year and that his behavior in prison has been excellent. Further, the government does not even discuss or attempt to distinguish the fifteen (15) cases cited by the defense wherein January 6th defendants who committed far more egregious assaults have been released on pretrial detention with supervision. Significantly, the government is silent on the District of Columbia precedent of *United States v. Grady*, 541 F. Supp. 102, 115 (D.D.C. 2021), which instructs that now that "the specific circumstances of January 6 have passed," the task is to determine whether the defendant "poses a threat of committing violence in the future." *Id., citing Munchel*, 991 F. 3d at 1284. For purposes of this Motion, the issue is whether Mr. Lazar presents a danger to the community today.

The precedents that the government does cite are inapposite in that the conduct of the defendants in those cases was far more egregious than in the instant case. In *United States v. Fairlamb,* 535 F. Supp 3d 30 (D.D.C. 2021), the defendant broke through police barricades, entered the Capitol building, carrying and waving a baton while uttering threatening words to incite harm. Once he was ousted from the building, he proceeded to shout profanities and threats at officers outside and then assaulted an officer by punching him in his face shield. He had to be held back by other officers. After January 6th, he continued to post on social media about his desire to go to "war" to restore Donald Trump to office and he told an FBI agent who interviewed him, upon his arrest, that "I'd go again." *Id*. At 35. In the other case cited by the government, *United States v. Hale-Cusanelli*, 2021 WL 2816245, the defendant entered the Capitol and used voice and hand signals to admit others to the building. He further picked up a flagpole while inside the Capitol. In addition, two harassment complaints had been filed against

him in 2020 based upon his animus and threats towards certain groups of people (non-caucasian and Jews).

There is no doubt that Mr. Lazar acted inappropriately, broke the law and behaved badly. But, it is important to underscore that there is no dispute as to the fact that Mr. Lazar did not bring any weapons or objects designed to cause harm, did not come with any organized group, did not join any, was not on any front line near the entrance to the Capitol, did not, in any way, assist in breaching the Capitol, nor did he enter the Capitol. We do not dispute, in any way, the seriousness of Mr. Lazar's behavior on January 6th. He completely acknowledges the wrongfulness of his words and actions. However, by his conduct, his words, ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇ his letter to this Court, he has demonstrated sincere remorse and has genuinely owned the wrongfulness of his actions. He no longer poses any threat of danger to the community and the government has proven none.

The government's assertion that "[t]he defendant's history shows an escalating pattern of criminal conduct" (*Response* at p. 4), while incendiary on its face, is nothing but a misinterpretation of historical facts that fails to establish clear and convincing evidence of dangerousness. To support its position, the government points to the fact that the defendant pled guilty to making a false statement on an application for the purchase of a firearm in 2016. The reason for his false statement was that he stated on the application that he had not been convicted of a felony due to his mistaken belief that his 2004 conviction for criminal mischief was a misdemeanor. The truth is that that criminal mischief, in violation of 18 P.S. §3304 is a second degree misdemeanor under Pennsylvania law, punishable by up to twenty-three months in prison. A fact known mostly only to attorneys is that what is a misdemeanor under state law can be a felony under federal law. That is precisely what happened here. Though Mr. Lazar was

3

sentenced to time served of 31 days, the crime was punishable by up to 23 months imprisonment, and, therefore, under federal law, was a felony, but under Pennsylvania law was a misdemeanor. Thus, when he applied for a firearm in 2016, he erroneously indicated that he had not been convicted of a felony. This incident hardly indicates an "escalating pattern of criminal activity." The only other incident was the defendant's posting a picture of himself holding guns and online "rhetoric" that was not his, but as to which he indicated approval with an emoji. The government does not even have any information as to whether the guns were loaded. Clearly, the defendant has engaged in macho, blowhard, inappropriate behavior prior to and on January 6th, but there is absolutely nothing that has happened since that date that would indicate any escalation in criminal conduct. Quite to the contrary, Mr. Lazar has conducted himself as a peaceful, law-abiding citizen, both after January 6, 2021 until the time of his arrest on July 21, 2021 and at all times subsequent thereto, while in prison.

The defense submits that it has shown by clear and convincing evidence that the defendant is not a danger to the community. The government has failed to identify a single fact to the contrary.

Pretrial conditions during this COVID period are significantly more arduous than those of sentenced prisoners. Mr. Lazar has already suffered extraordinarily by being continually transferred to and from multiple prisons over the past year and he contracted COVID in prison. He is presently being held in Northern Neck Regional Jail in Virginia under terrible, Covid infested, overcrowded conditions. ████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████

    Basically, the government's opposition is not based upon dangerousness, but rather, its position that his sentence should be longer than one year. However, it is this Court who should determine the appropriate sentence, weighing all of the Section 3553 factors and the parties' arguments at sentencing, not the government by way of pretrial detention. As stated previously, should this Court decide that additional incarceration above thirteen (13) months is appropriate, Mr. Lazar would be returned to prison as a designated prisoner where he could participate in prison work and educational programs as a designated federal prisoner.

    For all of the above reasons, it is respectfully submitted that the defense has shown by clear and convincing evidence that the defendant is not a threat to the community and should be released pending sentencing.

Respectfully,

HOPE C. LEFEBER, LLC

By:

*Hope C. Lefeber*

_____

HOPE C. LEFEBER, ESQUIRE

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August 2022, I caused a true and correct copy of the foregoing Reply to be delivered via email to dcd_cmecf_cr@dcd.uscourts.gov with a copy emailed to Assistant United States Attorney Douglas Collyer, DOJ-USAO, Gateway Building, 14 Durkee Street, Room 340, Plattsburgh, NY, 12901, at Collyer, Douglas (USADC) Douglas.Collyer@usdoj.gov

_____/s/_____
Hope C. Lefeber